UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAPROP LIMITED,

                          Petitioner,

- against -

INDIABULLS FINANCIAL SERVICES LIMITED,

                          Respondent.

**MEMORANDUM OPINION & ORDER**

11 Civ. 2001 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Petitioner Amaprop Limited is a company organized under the laws of the Cayman Islands. Respondent Indiabulls Financial Services is a company organized under the laws of India. Amaprop and Indiabulls are both parties to a Share Subscription and Shareholders Agreement dated May 31, 2005 (the "Agreement"), which contains an arbitration provision. In January 2010, a dispute arose as to certain rights Amaprop wished to exercise under the Agreement, and, on January 19, 2010, Amaprop filed a request for arbitration with the International Centre for Dispute Resolution of the American Arbitration Association (the "ICDR") in New York. On March 21, 2011, the arbitral tribunal awarded Amaprop declaratory and specific relief, and on March 23, 2011, Amaprop filed this petition to confirm the arbitration award. Indiabulls has not responded to the petition.

        For the reasons stated below, Amaprop's petition to confirm the arbitration award will be granted.

## BACKGROUND

        On May 31, 2005, Amaranth LLC entered into a "Share Subscription and Shareholders Agreement" with Indiabulls and the Indiabulls Finance Company Private Limited.

On June 6, 2005, the Agreement was amended "so as to replace Amaranth with Amaprop as a party," and "[a]ll of Amaranth's rights and obligations under the . . . Agreement . . . [were] vest[ed] with Amaprop." (Cmplt., Ex. B (Amendment Agreement) at 4)  The Agreement contained a broad arbitration clause, requiring that "[a]ny action arising [out of or] relating to this Agreement or the other Transaction Documents shall be settled by arbitration in the State of New York in accordance with the rules of the American Arbitration Association . . . ." (Cmplt., Ex. A (Share Subscription and Shareholders Agreement) at 58)  Furthermore, the Agreement stipulated that "[t]he costs and expenses of the arbitration, including the arbitrator's fees and expenses . . . shall be borne by the parties as determined by the arbitrator to be fair and reasonable; provided, however, that each party shall pay for and bear the cost of its own experts, evidence and counsel." (Id. (emphasis in original))

After Amaprop filed a notice of arbitration and statement of claim with the ICDR (Cmplt. ¶ 10), Indiabulls obtained an ex parte injunction from the High Court of Judicature at Bombay enjoining Amaprop from proceeding with the arbitration. (Id. ¶ 11)  Amaprop then filed a petition to compel arbitration and a motion for a preliminary anti-suit injunction in this Court. (Id. ¶ 12)  As set out in more detail in this Court's previous Orders, this Court: (1) granted Amaprop's petition to compel arbitration; (2) enjoined Indiabulls from prosecuting the actions filed against Amaprop in India; (3) instructed Indiabulls to dismiss or cause to be dismissed any actions currently pending in India arising from the Agreement; (4) enjoined Indiabulls from commencing any new legal actions in India arising from the Agreement; and (5) granted Amaprop's motion for attorneys' fees and costs in connection with its petition to compel arbitration and motion for a preliminary injunction. Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd., No. 10 Civ. 1853(PGG), 2010 WL 1050988, at *10 (S.D.N.Y. Mar. 23, 2010); Amaprop Ltd. v.

Indiabulls Fin. Servs. Ltd., No. 10 Civ. 1853(PGG), 2011 WL 1002439, at *1 (S.D.N.Y. Mar. 16, 2011).

The arbitration tribunal[1] conducted an evidentiary hearing between February 9, 2011 and February 11, 2011, at which all parties were represented by counsel. (Cmplt. ¶ 16)  By agreement of the arbitration tribunal and the parties, the arbitration proceedings were declared closed as of February 18, 2011. (Id., Ex. L-N)  On March 21, 2011, the tribunal issued a unanimous verdict in Amaprop's favor. (Id., Ex. D)  The award granted Amaprop declaratory and specific relief compelling Indiabulls to honor Amaprop's Put Right and pay pre- and post-award interest. (Id., Ex. D at 74-77)

On March 23, 2011, Amaprop filed the instant petition to confirm the final arbitral award.  As of today's date, Indiabulls has filed no opposition papers.  Accordingly, the Court will treat the petition as unopposed.

## DISCUSSION

### I.   APPLICABLE LAW

The Federal Arbitration Act provides:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, . . . shall be valid, irrevocable, and enforceable . . . .

9 U.S.C. § 2.

---

[1] The tribunal consisted of (1) James H. Carter, Esq., of Dewey & LeBoeuf LLP, the former Chairman of the American Arbitration Association; (2) the Honourable Bisheshwar Prasad Singh, a former Justice of the Supreme Court of India; and (3) the Honourable Benjamin J. Greenberg, Q.C., a former judge of the Quebec Superior Court. (Cmplt. ¶ 14)  Judge Greenberg acted as Chairman of the Tribunal. (Id.)

In order to ensure that the "'twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation' are met, arbitration awards are subject only to 'very limited review.'" Telenor Mobile Commc'ns AS v. Storm LLC, 524 F. Supp. 2d 332, 343 (S.D.N.Y. 2007) (quoting Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993)). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984), and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9).

> An order modifying or correcting the arbitration award may be made:
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.[2]

In addition to the express grounds for vacating, modifying, or correcting an award set forth in 9 U.S.C. §§ 10 and 11, the Second Circuit

> has recognized implied grounds for modification or vacatur of an arbitral award where the award is in "manifest disregard" of the terms of the

---

[2] 9 U.S.C. § 10 authorizes a United States court to vacate an award where it was procured by "corruption, fraud, or undue means," where the arbitrators were guilty of certain misconduct, or where the arbitrators "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

4

agreement or of the law. See [Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc., 126 F.3d 15, 23 (2d Cir. 1997)]. Such an error "must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator. Moreover, the term 'disregard' implies that the arbitrator appreciates the existence of a clearly governing [legal or contractual] principle but decides to ignore or pay no attention to it." Id. at 24 (citing Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933 (2d Cir. 1986)).

Arbitration Between Millicom Int'l V N.V. v. Motorola, Inc. & Proempres Panama, S.A., No. 01 Civ. 2668, 2002 WL 472042, at *5 (S.D.N.Y. Mar. 28, 2002) (second alteration in original); see also Pike v. Freeman, 266 F.3d 78, 86 (2d Cir. 2001) ("Federal court review of an arbitral judgment is highly deferential; such judgments are to be reversed only where the arbitrators have exceeded their authority or made a finding in manifest disregard of the law." (citing Fahnestock & Co., Inc. v. Waltman, 935 F.2d 512, 515 (2d Cir. 1991))); Fairchild Corp. v. Alcoa, Inc., 510 F. Supp. 2d 280, 285 (S.D.N.Y. 2007) ("Arbitrators' awards 'are generally accorded great deference under the FAA,' and judicial review of arbitration rulings is 'narrowly limited.'" (quoting Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997))).

"In order to sustain a finding of manifest disregard of the law," the Second Circuit requires

> "something beyond and different from a mere error in the law or failure on the part of the arbitrators to understand or apply the law. . . . Illustrative of the degree of 'disregard' necessary to support vacatur under this standard is our holding that manifest disregard will be found where an arbitrator understood and correctly stated the law but proceeded to ignore it."

Pike, 266 F.3d at 86 (quoting Fahnestock, 935 F.2d at 516).

"To modify or vacate an award on this ground, a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." Telenor, 524 F. Supp. 2d at 345 (citing DiRussa v. Dean Witter Reynolds Inc., 121 F.3d

5

818, 821 (2d Cir. 1997)).  Accordingly, "'[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.'"  Pike, 266 F.3d at 86 (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987)).

Where the respondent fails to file any opposition, a petition to confirm an arbitration award is "treated as akin to [an unopposed] motion for summary judgment."  D.H. Blair, 462 F.3d at 109-10; Travel Wizard v. Clipper Cruise Lines, No. 06 Civ.2074(GEL), 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007) ("where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than entering a default judgment").

## II.  AMAPROP'S PETITION TO CONFIRM THE ARBITRATION AWARD WILL BE GRANTED

As noted above, "'confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  Controlotron Corp. v. Siemens Energy & Automation, Inc., No. 09 CV 03112(GBD), 2010 WL 5422520, at *2 (S.D.N.Y. Dec. 23, 2010) (quoting Florasynth, 750 F.2d at 176).  "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award."  D.H. Blair, 462 F.3d at 110 (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Employees Int'l Union, 954 F.2d 794, 797 (2d Cir. 1992)); see also Idea Nuova, Inc. v. GM Licensing Grp., Inc., 617 F.3d 177, 180 (2d Cir. 2010) (An "arbitral award is entitled to 'strong deference.'"); Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138-39 (2d Cir. 2007) (The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process."); Duferco Int'l Steel Trading v. T. Klaveness

Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an arbitration panel's decision great deference."). "'It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable.'" Lavender Int'l S.A. v. Indus. Carriers Inc., No. 09 Civ. 7907(WHP), 2010 WL 286638, at *2 (S.D.N.Y. Jan. 19, 2010) (alterations in original) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)).

Here, the arbitrators' careful analysis provides much more than "'a barely colorable justification for the outcome [they] reached,'" see D.H. Blair, 462 F.3d at 110 (quoting Landy, 954 F.2d at 797), and Indiabulls – which has not opposed Amaprop's petition – has failed to meet the "heavy burden of proof" necessary to avoid confirmation of the arbitral award. See Data-Stream AS/RS Techs., LLC, 2003 WL 22519456, at *1. Accordingly, Amaprop is entitled to an order confirming the arbitral award. See Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) ("Under the terms of [Section 9 of the Federal Arbitration Act], a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected as prescribed in [Sections] 10 and 11.") (alterations in original)).

## CONCLUSION

Amaprop's petition to confirm the award is GRANTED. The Clerk of the Court shall enter judgment for the Petitioner. The Clerk of the Court is directed to close this case.

Dated: New York, New York
September 9, 2011

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge